# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REBA DALE MOODY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-90-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Reba Dale Moody appeals the within-guideline sentence imposed on revocation of her supervised release. She contends that her sentence is plainly unreasonable because the district court sentenced her to a term of imprisonment rather than long-term drug treatment.

We review a revocation sentence under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Moody

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60548

has challenged only the substantive reasonableness of her sentence. We review the substantive reasonableness of her sentence for an abuse of discretion, examining the totality of the circumstances. *See United States v. Warren*, 720 F.3d 321, 326, 332 (5th Cir. 2013). A revocation sentence is substantively unreasonable where the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *Id.* at 332.

Moody's contention that the district court improperly considered the need to solve the problem of her addiction and failed to consider the nature and circumstances of her offense is unavailing. The record reflects that the district court considered Moody's arguments that her best chance at recovery was long-term treatment but determined that under the applicable 18 U.S.C. § 3553(a) factors, a term of imprisonment was appropriate. Under the totality of the circumstances, Moody has not shown that the district court clearly erred with respect to the weight it gave to her personal history and characteristics, the need to deter her, and the need to sentence her to time in prison. *See id.* at 331–33.

Any suggestion by Moody that the district court impermissibly considered the need to punish her for her addiction and that the prison term ran afoul of *Tapia v. United States*, 564 U.S. 319 (2011) is belied by the record. Further, Moody's complaint that the district court failed to avoid unwarranted sentence disparities among defendants is conclusory and unsupported. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

AFFIRMED.